IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMEKIO J. WILLIAMS                                                                                    PLAINTIFF

v.                                          Civil No. 1:17-cv-01013

ADELLA BURR, Shift Supervisor, Ashley
County Detention Center ("ACDC");
C. J. RIORDAN, Jailer ACDC;
DANIEL FOSTER ACDC;
MEREDITH HAYDEN, Shift Supervisor ACDC;
NICOLE CARTER, Lieutenant ACDC; and
NEVADA COUNTY, ARKANSAS,
ACDC STAFF                                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jamekio J. Williams filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 17, 2017, in the Eastern District of Arkansas. ECF No. 2. Plaintiff filed his Motion for Leave to Proceed *in forma pauperis* ("IFP") the same day. ECF No. 1. On February 6, 2017, the case was transferred from the Eastern District of Arkansas to the Western District of Arkansas, El Dorado Division. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## BACKGROUND

According to Plaintiff's Complaint on December 12, 2016, Plaintiff was arrested on an Arkansas Department of Community Correction warrant for "detainer-white warrant with the

1

"provisions of Section 31 of Act 50, of 1968 printed thereon. This warrant was dated, timed and served to me by my parole officer (Erick Thomas) on 12/12/16 at 9:41 am. I was then transported to the Crossett Police Department where I was arrested and served a warrant of arrest (warrant #WR-16-984) dated, timed and served 12/12/16 10:20am." ECF No. 2. Plaintiff was then transported to the Ashley County Detention Center ("ACDC") where he was booked and detained. On December 13, 2016, Plaintiff requested "(via general request form) to have jailers (Daniel Foster and Meredith Hayden) to research and provide me a copy of provision, Section 31 of Act 50, of 1968", the act printed on my "white warrant." ECF No. 2. Plaintiff alleges he submitted several requests for copies of various statutes relating to his arrest warrants but was not provided with any such material.

Plaintiff also alleges he told Defendants on numerous occasions he was "currently being detained on a meritless white warrant that has no grounds or specification to verify its validity." ECF No. 2. Plaintiff asserts he had "been detained in excess of the 72 hour allotted arraignment and 1st appearance period, so I filed a grievance that same day (12/15/16) claiming false imprisonment due to violation of my constitutional right to be brought before a judge without unnecessary delay." ECF No. 2. Plaintiff goes on to state "on 12/16/16, Adella Burr responded to my initial grievance stating, "Once again, I am giving you copies of your warrant and your white warrant. You are being held per your parole officer Erick Thomas for charges of leaving the scene of an accident w/injuries, possession of controlled substance, fleeing on foot, no proof of liability insurance and careless and prohibited driving." ECF No. 2.

Plaintiff alleges "for law enforcement to keep me in custody pursuant to a warrantless arrest, the 4th Amendment requires a judicial determination of probable cause." ECF No. 2. "The negligence on part of the Ashley County Detention Center in getting me to a 1st appearance

probable cause hearing within 72 hours is in direct violation of my constitutional right to be timely arraigned." ECF No. 2.

On March 1, 2017, Plaintiff filed a Motion to Supplement Complaint which is currently pending. ECF No. 8. Plaintiff's Supplement consists of a grievance dated January 31, 2017 and two grievances dated February 1, 2017. Each grievance contains allegations challenging the validity of his arrest, confinement, pending charges, warrants and arraignment in Circuit Court in Ashley County.

Plaintiff has named the following Defendants in this lawsuit: Adella Burr a shift supervisor for ACDC, C.J. Riordan a jailer at ACDC, Daniel Foster, Meredith Hayden a shift supervisor for ACDC, and Nicole Carter the Jail Administrator for ACDC.[1] In addition to the allegations that his pending warrants and confinement are invalid, Plaintiff's Complaint alleges he was denied access to legal materials on several occasions. Plaintiff is suing Defendants in both their individual and official capacities. ECF No. 2.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). The deprivation

---

[1] The case caption also names Nevada County, Arkansas as a defendant which appears to be an error as no allegations were made against Nevada County.

must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## DISCUSSION

Plaintiff's claims challenging the pending state criminal proceedings are barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine provides federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow exception to the *Younger* abstention doctrine exists when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is alleged here. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Accordingly, Plaintiff's claims relating to the validity of his pending criminal charges fail to state cognizable claims under § 1983.[2]

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's claims relating to his pending criminal charges and confinement be **DISMISSED** and Plaintiff's Motion to Supplement Complaint (ECF No. 8) be **DENIED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). I recommend Plaintiff's claims against Defendants for denial of access to legal materials proceed. A separate Order of Service for the Defendants shall be issued.

---

[2] To the extent Plaintiff's Complaint alleges claims relating to any previous charges for which he has been convicted, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994)

4

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 3rd day of March 2017.**

<u>/s/ Barry A. Bryant</u>
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE