IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMEKIO J. WILLIAMS                                                                                          PLAINTIFF

V.                                            CASE NO. 1:17-CV-01013

ADELLA BURR, Shift Supervisor, Ashley
County Detention Center ("ACDC");
C. J. RIORDAN, Jailer, ACDC;
DANIEL FOSTER ACDC;
MEREDITH HAYDEN, Shift Supervisor, ACDC;
NICOLE CARTER, Lieutenant, ACDC; and
NEVADA COUNTY, ARKANSAS,
ACDC STAFF                                                                                                   DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Dismiss. ECF No. 18. Plaintiff has not responded. The Court finds this matter ripe for consideration.

Plaintiff Jamekio J. Williams filed this 42 U.S.C. § 1983 action *pro se* on January 17, 2017, in the United States District Court for the Eastern District of Arkansas. ECF No. 2. On February 6, 2017, the case was transferred from the Eastern District of Arkansas to the United States District Court for the Western District of Arkansas, El Dorado Division. ECF No. 4. On June 29, 2017, Defendants filed a Motion to Compel answers to discovery requests. ECF No. 16. The Court granted the motion and directed Plaintiff to respond to Defendants' discovery requests by July 28, 2017. ECF No. 17. On August 1, 2017, Defendants filed a Motion to Dismiss stating Plaintiff never responded to Defendants' discovery requests despite this Court's order to do so. ECF No. 18. Plaintiff's last communication with the Court was March 1, 2017, when he filed a Motion to Supplement Complaint. ECF No. 8.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to prosecute this matter and has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 18) should be and hereby is **GRANTED** and Plaintiff's claims as to all Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge